IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RINCON INVESTORS, LLC, )
)
    Appellant, )
)
v. ) CASE NO. CV417-119
)
MABLETON, LLC, )
)
    Appellee. )
                          )

## O R D E R

This matter is on appeal from the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division. For the following reasons, this appeal is **ADMINISTRATIVELY TERMINATED** and the settlement proceedings are **REMANDED** to the Bankruptcy Court for the Southern District of Georgia, Savannah Division for further proceedings.

### BACKGROUND

On June 22, 2017, Bankruptcy Judge Edward J. Coleman III entered an order confirming Mableton's Chapter 11 plan. (BK Doc. 535.)[1] On July 5, 2017, Appellant Rincon Investors, LLC ("Rincon") filed its Notice of Appeal to the United States District Court for the Southern District of Georgia. (BK Doc. 543.) Rincon filed its appellate brief on October 2, 2017,

---

[1] Citations to the underlying bankruptcy case, 15-BK-40124, shall be denoted in this Order as "BK Doc. ___." All other citations shall be to the appeal pending before this Court.

contending that the Bankruptcy Court erred in three ways. (Doc. 13.) First, Rincon claims the Bankruptcy Court erred in choosing the starting prime rate for repayment of Rincon's claim as of February 28, 2017, the confirmation hearing date, instead of the plan's effective date. (Id. at 1.) Second, Rincon claims that the Bankruptcy Court erred when it determined that Mableton would be able to make the balloon payment to Rincon in year 10 of the plan without evidence supporting such a finding. (Id.) Finally, Rincon claims that the Bankruptcy Court violated 11 U.S.C. § 1129(c) when it confirmed Mableton's plan while Rincon's competing plan was pending without first determining whether Rincon's plan was confirmable and without soliciting the preferences from plan creditors and equity holders. (Id.) Mableton filed its brief on November 15, 2017 (Doc. 17) and Rincon filed its reply brief on November 30, 2017 (Doc. 18).

While this appeal was pending before this Court, Mableton filed a Motion to Approve Settlement and to Incur Debt on August 17, 2018 before the Bankruptcy Court. (BK Doc. 600.) In the Motion to Approve Settlement, Mableton represented that "Debtor [Mableton], RI [Rincon], and Coleman have come to a proposed agreement to settle all litigation pending between Debtor, RI, and Coleman." (Id. at 2.) Additionally, in summarizing the settlement in the motion, Mableton stated that Rincon shall dismiss this instant appeal upon receipt of the agreed upon

2

sums. (Id.) On August 20, 2018, Mableton filed a Motion for Expedited Hearing in which Mableton requested an expedited hearing on Mableton's Motion to Approve Settlement and to Incur Debt. (BK Doc. 601.) On August 28, 2018, secured creditor Roger Macomber filed his objection to the Motion to Approve Settlement and Incur Debt. (BK Doc. 608.)

The hearing on the Motion to Approve Settlement and to Incur Debt was first set for September 5, 2018. (BK Doc. 602.) A hearing was held on September 5, 2018 (BK Doc. 609) and a continued hearing date was set for October 3, 2018 (BK Doc. 610). Since the September 5, 2018 hearing, the continued hearing was been reset numerous times. The hearing scheduled for October 3, 2018 was continued to January 3, 2019. (BK Doc. 616). The January 3, 2019 hearing was then continued to January 31, 2019. (BK Doc. 619). The hearing scheduled for January 31, 2019 was then continued to February 5, 2019. (BK Doc. 622). The February 5, 2019 hearing was then continued to April 30, 2019. (BK Doc. 633). The hearing scheduled for April 30, 2019 was then continued to June 4, 2019. (BK Doc. 646). The hearing was again continued and is now set for August 1, 2019. (BK Doc. 650.)

## ANALYSIS

While this appeal was pending, the parties have been pursuing settlement before the Bankruptcy Court. Neither Rincon nor Mableton brought the motion involving the potential

settlement to this Court's attention. Despite the numerous continued hearings, the parties appear to be actively pursuing settlement.

Generally, the filing of a Notice of Appeal divests the bankruptcy court of jurisdiction over any controversies relating to the issues involved in the appeal. Matter of Urban Dev. Ltd., Inc., 42 B.R. 741, 743 (Bankr. M.D. Fla. 1984); In re FBI Distribution Corp., 267 B.R. 655, 656 (B.A.P. 1st Cir. 2001) (finding that it had jurisdiction over the settlement but remanding the settlement to the bankruptcy court for its consideration); In re Strawberry Square Assocs., 152 B.R. 699, 701 (Bankr. E.D.N.Y. 1993); In re Markarian, 228 B.R. 34, 47 (B.A.P. 1st Cir. 1998) (finding that the bankruptcy court did not have jurisdiction to approve the parties' settlement on the merits and dismiss the case because an appeal had been taken). Once Rincon appealed the Bankruptcy Court's order confirming Mableton's plan, the Bankruptcy Court lost jurisdiction over the subject matter of the appeal. The Motion to Approve Settlement and to Incur Debt implicates the order confirming Mableton's Chapter 11 Plan, which is currently on appeal. The Court particularly notes that a term of the proposed settlement agreement includes the dismissal of this appeal with prejudice by Rincon. Accordingly, the Bankruptcy Court does not have

4

jurisdiction over the Motion to Approve Settlement and to Incur Debt which, if approved, would effectively moot the appeal.

However, this Court finds that the Bankruptcy Court is well suited to handling the settlement proceedings. Accordingly, the consideration of Mableton's Motion to Approve Settlement and to Incur Debt is **REMANDED** to United States Bankruptcy Court for the Southern District of Georgia, Savannah Division. While this Court retains appellate jurisdiction, the appeal is **ADMINISTRATIVELY TERMINATED**. If the settlement agreement is ultimately approved by the Bankruptcy Court, then the parties should file a dismissal agreement pursuant to Federal Rule of Bankruptcy Procedure 8023. In the event that the parties fail to reach a settlement agreement or the Bankruptcy Court does not approve it, then Rincon may file a motion in this action detailing as much and requesting the appeal be re-opened.

SO ORDERED this 27th day of June 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA